NOT DESIGNATED FOR PUBLICATION

Nos. 123,975
123,976

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYRONE JAMES ROSE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Brown District Court; JAMES A. PATTON, judge. Opinion filed April 8, 2022. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before WARNER, P.J., CLINE, J., and RACHEL L. PICKERING, District Judge, assigned.

PER CURIAM:  Tyrone James Rose appeals from the district court's decision to revoke his probation and impose his underlying prison sentence. We granted Rose's motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). Rose argues the district court unreasonably revoked his probation given his willingness to participate in treatment. He asserts that treatment for substance abuse would better address his addiction problems rather than incarceration. Finding no abuse of discretion, we affirm.

1

In October and December 2019, Rose pleaded no contest to possession of methamphetamine in 2018CR77 and failure to register as a sex offender in 2018CR78. The district court sentenced Rose to a 30-month underlying sentence in each case, ran the sentences consecutive, and granted 24 months of probation. Rose's conviction in 2018CR78 carried a presumptive prison sentence, however, the district court departed and imposed probation.

In March 2020, Rose's community corrections officer filed an affidavit of probation violation in district court. The officer alleged that Rose had committed three violations: (1) Rose failed to update his sex offender registration to include all the addresses he stayed at; (2) on multiple occasions Rose had failed to report to his community corrections officer; and (3) Rose admitted to using methamphetamine on one occasion. In another county, Rose was charged with possession of a controlled substance, possession of drug paraphernalia, and driving with a suspended license. In September 2020, Rose's community corrections officer filed an amended affidavit, listing these new charges.

At the December 2020 probation violation hearing, Rose stipulated to three original violations and that he had been arrested. As for the new charges listed in the amended affidavit, Rose did not stipulate that he committed a new crime. At the time, Rose's new case was still pending without a resolution. The district court set the case for disposition on the new charges.

At the February 2021 disposition hearing, Rose's attorney informed the court that since the stipulation hearing, Rose had pleaded guilty to possession of drug paraphernalia and driving with a suspended license. In light of this, Rose's attorney asked the court not to revoke Rose's probation but instead to place him back on probation so he could receive addiction treatment. He asserted that Rose's problems on probation stemmed from his methamphetamine addiction. Rose's attorney stated that Rose was in contact with a treatment program and because Rose had been incarcerated for several months and was

clean, he was in a good position to get treatment. Rose's attorney did acknowledge that Rose still needed to complete both the physical and psychological screens before attending treatment. Rose also advised the court that the treatment program had not yet admitted him and that he needed to meet with the treatment program.

The State requested that the district court revoke Rose's probation and impose his original underlying sentence. Rose's community corrections officer advised the court that based on Rose's initial performance while on probation, the officer was not optimistic that Rose could successfully complete his probation if given another chance.

After hearing the parties' arguments, the district court revoked Rose's probation and ordered him to serve his sentence. The court, however, modified the original sentence and ran the sentences concurrent. The district court told Rose that the court had previously granted him a dispositional departure, which had given Rose the opportunity to be on probation, and that his opportunities were exhausted.

The district court retains the authority to revoke probation and impose the underlying sentence, bypassing the imposition of intermediate sanctions even for a first-time violator, if the court finds that (1) the probationer committed a new felony or misdemeanor; (2) the probationer absconded from supervision; or (3) the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such intermediate sanction. *State v. Clapp*, 308 Kan. 976, 978, 425 P.3d 605 (2018). Once a probation violation and an exception to the intermediate sanctions requirement are established, the district court has discretion to revoke the defendant's probation. *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006). We review the district court's revocation of Rose's probation for an abuse of discretion. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A court abuses its discretion if its action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Levy,* 313 Kan. 232, 237, 485 P.3d 605 (2021).

Rose's probation violations were established by his stipulation. Rose stipulated to the three original violations, his later arrest, and that he had committed a new crime. In this case, the district court had statutory authority to revoke his probation without imposing an intermediate sanction because Rose had committed a new crime, namely driving with a suspended license. See K.S.A. 2020 Supp. 22-3716 (c)(7)(C).

Here, the district court did not abuse its discretion by revoking Rose's probation. Rose committed several probation violations, including committing a new crime. While Rose had requested another chance on probation so that he could get substance abuse treatment, his community corrections officer advised the court he was not optimistic that Rose could successfully complete probation. Additionally, at the initial sentencing hearing, the district court had granted Rose's dispositional departure motion. See K.S.A. 2020 Supp. 22-3716(c)(7)(B). In other words, the court had given Rose the opportunity to complete probation despite Rose's presumptive prison sentence. Rose did not take advantage of that opportunity. Under these circumstances, we cannot say that no reasonable person would agree with the district court's decision.

Affirmed.